IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FORD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-0603-MJR |
| ) | |
| PSYCHOPATHIC RECORDS, INC., ) | |
| INSANE CLOWN POSSE, LLC, ) | |
| JUGGALO GATHERING, LLC, FAYGO ) | |
| BEVERAGES, INC., HOGROCK, ) | |
| INC.,TIMOTHY F. YORK, individually ) | |
| and d/b/a Hogrock Campground, ) | |
| ) | |
| Defendants. ) | |
| | |
| TIMOTHY F. YORK, HOGROCK, INC., ) | |
| and JUGGALO GATHERING, LLC, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ATAIN SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Third Party Defendant. ) | |

MEMORANDUM AND ORDER
DENYING DEFENDANTS' MOTIONS TO DISMISS (Docs. 46, 51)

REAGAN, District Judge:

I. Introduction and Factual Background

Now before the Court are motions to dismiss Plaintiffs' second amended complaint, filed by Defendant Faygo Beverages, Inc., (Doc. 46) and by Defendants Psychopathic Records, Inc., Insane Clown Posse, LLC, Juggalo Gathering, LLC, Timothy

1

F. York, individually and d/b/a Hogrock Campground, and Hogrock, Inc. (Doc. 51).[1] The Court, upon careful consideration of the facts and arguments presented by the parties, will deny Defendants' motions to dismiss.

Plaintiff's second amended complaint alleges as follows. Plaintiff attended a concert performance by Insane Clown Posse, a hip-hop duo from Detroit, Michigan. Their performance was part of an event called the 11th Annual Gathering of the Juggalos that began on August 12, 2010, and ended on August 15, 2010, at Cave in Rock, Illinois. On August 15, during a segment of the show called "Faygo Armageddon," the band allowed members of the audience to come up on the stage and assist band members in throwing soda bottles into the crowd. On the stage were several trampolines which had been modified with sheet metal around the sides. The trampolines were turned upside down, exposing the sharp metal sheeting to audience members on the stage. Plaintiff was allowed to enter the backstage area and go onto the stage with 60 to 75 other audience members. While engaged in throwing soda bottles into the crowd, Plaintiff fell backward and was injured when his leg made contact with the sharp sheet metal on one of the trampolines. Defendants owed a duty of ordinary and reasonable care to audience members allowed on the stage, breached that duty, and Plaintiff was injured thereby.

II. Analysis

In deciding a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6), the Court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its

---

[1] Because both motions seek dismissal of Plaintiff's complaint on the basis that Plaintiff has alleged a theory of premises liability and negligence, the Court will address them together.

face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  As the Court of Appeals for the Seventh Circuit has clarified:  "Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1141 (2010) (quoting *Tamayo v. Blagoyevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).  But legal conclusions and conclusory allegations that merely recite the elements of a claim are not entitled to the presumption of truth afforded to well-pled facts.  *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Therefore, after excising the allegations not accepted as true, the Court must decide whether the remaining factual allegations plausibly suggest entitlement to relief.  *Id*.  In other words, the complaint must contain allegations plausibly indicating (not merely consistent with) an entitlement to relief.  *Id*. **(citing *Twombly*, 550 U.S. at 557).**  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *McCauley*, 671 F.3d at 616 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009)).

As a general rule, a Rule 12(b)(6) dismissal motion "must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (citing F<small>ED</small>. R. C<small>IV</small>. P. 10(c) and *Segal v. Geisha NYC, LLC*, 517 F.3d 501, 504-05 (7th Cir. 2008)).  *Accord General Insurance Co. of America v. Clark Mall Corp.*, 644 F.3d 375, 378 (7th Cir.

2011); FED. R. CIV. P. 12(d).  Bearing this standard in mind, the undersigned turns to Defendants' dismissal motions.

Defendants assert that Plaintiff's Second Amended Complaint fails as a matter of law because, aside from the conclusory nature of the complaint, Plaintiff has failed to establish that Defendants owed him the duty required to establish his negligence/premises liability claims.  Defendants contend that because Plaintiff has failed to demonstrate that they exercised possession and control over the property where the accident allegedly occurred, no duty exists and Plaintiff's claims must be dismissed.  Anticipating that Plaintiff will argue that he has filed a general negligence action rather than a premises liability action, Defendants contend that under either theory, Plaintiff must establish that Defendants owed him a duty of care.

An essential element in a premises liability cause of action is the existence of a duty owed by the defendant to the plaintiff. *Strahs v. Tovar's Snowplowing, Inc.*, 812 N.E.2d 441, 447 (2004).  A defendant owes a plaintiff a duty only if it has "possession and control of the real property on which the tort occurred."  *Godee v. Illinois Youth Soccer Ass'n*, 764 N.E.2d 591, 594-95 (Ill.App.Ct. 2002) (citing *Esser v. McIntyre*, 642 N.E.2d 803, 807 (Ill.App.Ct. 1994) ("**In order for a defendant's duty of care to arise under the common law of premises liability, the defendant must have possession and control of the real property on which the tort occurred.**")). Defendants assert that, because they did not exercise any possession or control over the area where Plaintiff's injury occurred, they are not liable for the injury and this action must be dismissed.

4

As Defendants anticipated, Plaintiff responds that Defendants mistake his theory of the case.  Plaintiff asserts that his complaint is brought under a general negligence theory and not premises liability. Upon review, the Court finds that Plaintiff alleges, *inter alia,* that Defendants controlled the objects that were allowed to be on the stage, controlled access to the stage and controlled the number of audience members who were allowed to be on the stage.  Plaintiff does not allege that Defendants exercised possession and control over the property where the accident occurred.  Plaintiff's claims sound in negligence and not in premises liability.

In order to state a claim for negligence in Illinois, a plaintiff must allege: "(1) the defendant owed a duty of care; (2) the defendant breached that duty; and (3) the plaintiff's resulting injury was proximately caused by the breach." *Hooper v. County of Cook*, 851 N.E.2d 663, 668-69 (Ill.App.Ct. 2006) (citing *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 649 N.E.2d 1323 (1995)).  "Under general common law negligence principles, all persons owe a duty to all others to use ordinary care to guard against injuries resulting from the reasonably foreseeable consequences of his acts."  *Esser*, 642 N.E.2d at 807 (citing *Ono v. Chicago Park District*, 601 N.E.2d 1172 (Ill.App.Ct. 1992)).

The complaint alleges that Defendants owed Plaintiff a duty of ordinary care to guard against his being injured by "the dangerous instrumentality of the sheet metal siding of the trampolines on the stage"; Defendants breached that duty by allowing him to come on stage where the modified trampolines created a hazard; and he was injured by Defendants' breach.  The complaint also alleges that it was

reasonably foreseeable that allowing too many members of the audience onto the stage while the trampolines were on it would likely lead to serious injury.

Contrary to Defendants' contentions, Plaintiff need not "establish" that they owed him a duty of care in order to avoid a 12(b)(6) dismissal. Under federal notice pleading standards, Plaintiff's allegations are sufficient to state a claim for common law negligence. *Tamoyo*, **526 F.3d at 1083**. Plaintiff's claims provide enough detail to give Defendants fair notice of what the claims are, the grounds upon which they rest and to show that the claims are plausible. *See Bausch v. Stryker Corp.*, **630 F.3d 546, 559 (7th Cir. 2010)** (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Financing Services*, **536 F.3d 663, 667 (7th Cir. 2008)** ("In deciding whether a complaint can survive a motion to dismiss, we have consistently said: "As a general rule ... notice pleading remains the standard.").

In summary, Plaintiff has alleged enough facts to state a claim for relief that is plausible on its face. A dismissal pursuant to Rule 12(b)(6) is not warranted.

III.   Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss filed by Defendant Faygo Beverages (Doc. 46) and **DENIES** the motion to dismiss filed by Psychopathic Records, Inc., Insane Clown Posse, LLC, Juggalo Gathering, LLC, Timothy F. York, individually and d/b/a Hogrock Campground, and Hogrock, Inc. (Doc. 51). As a final matter, the Court **DENIES** the joint motion to modify the Scheduling and Discovery Order filed by Plaintiff, Defendants Psychopathic Records, Inc., Insane Clown Posse, LLC, and Faygo Beverages, Inc., and Defendants/Third-Party Plaintiffs Juggalo

Gathering, LLC, Timothy F. York, individually and d/b/a Hogrock Campground, and Hogrock, Inc. (Doc. 75).

       IT IS SO ORDERED.

       DATED this 25th day of February, 2013

                               <u>s/Michael J. Reagan</u>
                               MICHAEL J. REAGAN
                               United States District Judge