IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES FORD JR. | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-603-MJR-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| PSYCHOPATHIC RECORDS, INC., | ) | |
| INSANE CLOWN POSSE LLC, | ) | |
| JUGGALO GATHERING LLC, | ) | JUDGE:  Michael J. Reagan |
| FAYGO BEVERAGES, INC., | ) | MAGISTRATE:  Philip M. Frazier |
| TIMOTHY F. YORK, individually and | ) | |
| d/b/a HOGROCK CAMPGROUND and | ) | |
| HOGROCK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

To:  Hertz Schram, P.C., 1760 S. Telegraph Road, Suite 300, Bloomfield Hills, MI 48302
  Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis, MO 63101
  Querrey & Harrow, Ltd., 175 W. Jackson, Suite 1600, Chicago, IL 60604

  On May 2, 2013, I shall forward to Magistrate Philip M. Frazier at the United States District Court, Southern District of Illinois, Benton, Illinois and then and there present the attached **Motion to Determine Sufficiency of Objections to Requests for Admission**.

Name:     DEUTSCHMAN & ASSOCIATES, P.C.
Atty. for:   Plaintiff
Address:   77 West Washington Street, Suite 1525
Telephone:  (312) 419-1600

## PROOF OF SERVICE BY ELECTRONIC FILING

  The undersigned, an attorney, on oath states that he/she served this notice via electronic filing on or before the hour of 5:00 p.m. on **May 2, 2013**.

  __/s/ Bradley A. Skafish_____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FORD JR. | )<br>) |
| Plaintiff, | )<br>) No. 12-603-MJR-PMF |
| vs. | )<br>) |
| PSYCHOPATHIC RECORDS, INC.,<br>INSANE CLOWN POSSE LLC,<br>JUGGALO GATHERING LLC,<br>FAYGO BEVERAGES, INC.,<br>TIMOTHY F. YORK, individually and<br>d/b/a HOGROCK CAMPGROUND and<br>HOGROCK, INC., | )<br>)<br>) JUDGE: Michael J. Reagan<br>) MAGISTRATE: Philip M. Frazier<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MOTION TO DETERMINE SUFFICIENCY OF
## OBJECTIONS TO REQUESTS FOR ADMISSION

NOW COMES the Plaintiff, JAMES FORD JR., Plaintiff, by and through his attorneys, DEUTSCHMAN & ASSOCIATES, P.C., and moves this honorable court for entry of an order determining the sufficiency of objections to requests for admission, stating as follows:

1. Defendants PSYCHOPATHIC RECORDS, INC., INSANE CLOWN POSSE, LLC, and JUGGALO GATHERING, LLC, filed responses to requests for admission on November 8, 2012 (see attached).

2. Defendants asserted ten "general" objections and further made specific objections to requests 1 through 10, 12, 14 through 16, and 20. The objections asserted that common phrases with plain meanings such as "paying audience" were vague and ambiguous (see attached). Further, despite objecting, Defendants provided answers "without waiving" their objections (see attached).

3. Federal Rule of Evidence 36 provides that "[t]he party who has requested the admission may move to determine the sufficiency of the answers or objections."

4. Plaintiff maintains that all of the requests were appropriate conforming requests for admission of fact. Plaintiff moves that the objections be deemed insufficient and overruled, that answers be deemed admitted where appropriate, that amended answers be filed where appropriate, and that existing answers be deemed to stand regardless of the claimed objections.

WHEREFORE, the Plaintiff, JAMES FORD, JR., moves this court for an order overruling the objections to Requests to Admit and/or striking objections with admissions to stand, and granting any other and further relief deemed reasonable and necessary.

Respectfully submitted,

/s/ Bradley A. Skafish<br>Counsel for Plaintiff

**DEUTSCHMAN & ASSOCIATES, P.C.**
77 W. WASHINGTON - SUITE 1525
CHICAGO, ILLINOIS 60602
(312) 419-1600

Howard Hertz (P26653)
Deborah S. Lapin (P59027)
HERTZ SCHRAM PC
Attorneys for Dfts., Psychopathic Records, Inc.,
Insane Clown Posse, LLC, Juggalo Gathering, LLC,
Timothy F. York, individually and
d/b/a HogRock Campground and HogRock, Inc.
and Third-Party Plaintiffs Juggalo Gathering, LLC
and Timothy F. York, individually and
d/b/a HogRock Campground and HogRock, Inc.
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
dlapin@hertzschram.com

David M. Lewin
Querrey & Harrow, Ltd.
Attorney for 3rd Party Defendant
175 W. Jackson, Suite 1600
Chicago, IL 60604
One of its attorneys
Illinois Bar: #6211157

## DEFENDANTS PSYCHOPATHIC RECORDS, INC., INSANE CLOWN POSSE, LLC AND JUGGALO GATHERING, LLC'S RESPONSES TO REQUESTS FOR ADMISSION OF FACT

NOW COME Defendants Psychopathic Records, Inc. ("PRI"), Insane Clown Posse, LLC ("ICP") and Juggalo Gathering, LLC ("JGL"), by and through their attorneys, Hertz Schram PC, and hereby state the following as their Responses to Request For Admission of Fact:

## GENERAL OBJECTIONS

A.   Defendants object to the discovery requests to the extent that they seek to impose obligations upon Defendants beyond those provided under the Federal Rules of Civil Procedure or to the extent they go beyond the bounds of reasonable discovery.

B.   Defendants object to the discovery requests to the extent that they purport to require Defendants to furnish information or produce documents that are not within their possession, custody or control.

C. Defendants object to the discovery requests to the extent that they are overbroad, vague, ambiguous, unduly burdensome, unreasonable, harassing and oppressive.

D. Defendant object to the discovery requests to the extent that they seek information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

E. Defendants object to the discovery requests as overbroad, unduly burdensome, unreasonable, harassing and oppressive to the extent that they seek information or documents related to third parties that are more readily available to Plaintiff than to Defendants.

F. Defendants object to the discovery requests as overbroad, unduly burdensome, unreasonable, harassing and oppressive to the extent that they seek information that is already in Plaintiff's possession, custody, or control.

G. Defendants object to the discovery requests to the extent that they use terms that they cannot interpret or understand in the context in which they are presented. In this regard, where possible, Defendants have made reasonable assumptions as to Plaintiff's intended meanings and responded accordingly, while preserving their objections to vagueness, ambiguity and uncertainty.

H. Defendants object to the discovery requests to the extent that they seek privileged or confidential attorney work product, confidential trade secret or proprietary information, or that are otherwise protected from discovery. Inadvertent production of such information or documents shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to any other information or documents.

I. Defendants object to the discovery requests that are compound, vague, ambiguous or otherwise unclear as to the precise information or documents sought.

J. Any response by Defendants that they will produce documents should not be construed to mean that such documents necessarily exist; instead, any such response should be understood to mean only that Defendants will endeavor consistent with their obligations under the Federal Court Rules, to locate such documents if they exist and, if any such documents are located, they will be produced in accordance with Defendants' obligations under the Federal Court Rules and consistent with the terms of their answers.

Each of the foregoing General Objections interposed by Defendants are applicable to and hereby are incorporated into each and every response, and any response by Defendants to the discovery requests are made without waiving any of the General Objections made herein. In certain responses, Defendants have restated with particular General Objections for emphasis. However, even where Defendants have not restated a particular General Objection, these General Objections are intended to be and are incorporated into the responses to all requests. Furthermore, discovery is continuing and Defendants are continuing their efforts to comply with the discovery requests and gather documents necessary to defend this matter through trial. Defendants reserve the right to supplement, alter or limit their responses and/or information in connection therewith.

1. Admit that the Plaintiff was a member of the paying audience at the ICP concert on August 15, 2010.

RESPONSE: **Objection. The Request to Admit is vague and ambiguous as Plaintiff fails to define "paying audience" and the Request to Admit seeks a legal conclusion. Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the precise information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny. To the extent that Defendants can respond, they admit that Plaintiff attended an ICP concert on August 15, 2010.**

2. Admit that there was a trampoline on stage on the date in question that had sheet metal surrounding it.

RESPONSE: **Objection. The Request to Admit is vague and ambiguous as Plaintiff fails to define "on stage." Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny. To the extent that Defendants can respond, they admit that there may have been a trampoline on stage at some point during the concert in question but have no knowledge of "sheet metal surrounding it."**

3. Admit that prior to the Plaintiff's fall and injury, the trampolines on stage had been turned over to prevent anyone from bouncing on them.

RESPONSE: **Objection. The Request to Admit is vague and ambiguous as Plaintiff fails to define "trampolines on stage." Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny. To the extent that Defendants can respond, they admit that there may have been a trampoline on stage at some point during the concert in question but have no knowledge of placement of the trampoline prior to Plaintiff's fall and injury as they are without specific knowledge of the time and circumstances surrounding Plaintiff's fall and injury.**

4. Admit that the Plaintiff was on stage at the time he was injured.

RESPONSE: **Objection. The Request to Admit is vague and ambiguous as Plaintiff fails to define "on stage." Without waiving these objections, and by way of further answer, to the extent that Defendants can respond, PRI admits that its representative is aware of someone becoming injured on or near the stage but is unable to identify that individual as Plaintiff.**

5. Admit that other members of the audience besides Plaintiff came onto the stage.

5

RESPONSE: Objection. The Request to Admit is vague and ambiguous as Plaintiff fails to define "came onto the stage" and the Request to Admit seeks a legal conclusion. Without waiving these objections, and by way of further answer, to the extent that Defendants can respond, they admit that at the concert in question, members of the audience who were not invited onto the stage breached security measures and rushed onto the stage. To the extent that Plaintiff contends that he was on the stage at the time of his alleged injury, Defendants deny that Plaintiff had permission to be on the stage at any time during the concert in question.

6. Admit that security made no effort to remove Plaintiff at any time prior to the injury.

RESPONSE: Objection. The Request to Admit is vague and ambiguous as Plaintiff fails to specify or define "remove" or "at any time." Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny.

7. Admit that the Plaintiff had been on the stage for 10 minutes prior to falling and being injured.

RESPONSE: Objection. The Request to Admit is vague and ambiguous as Plaintiff fails to define "on the stage." Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny.

8. Admit that the Plaintiff slipped and fell backwards on the trampoline.

RESPONSE: Objection. The Request to Admit is vague, ambiguous and seeks a legal conclusion. Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny.

9. Admit that the sheet metal on the sides of the trampoline cut the Plaintiff's leg.

RESPONSE: Objection. The Request to Admit is vague and ambiguous. Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny.

10. Admit that "Faygo Armeggedon" was going on at the time of the Plaintiff's injury.

RESPONSE: Objection. The Request to Admit is vague and ambiguous. Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny.

11. Admit that during the part of the concert that the band and others are spraying or shooting bottles of Faygo into the crowd, the stage floor becomes wet with soda.

RESPONSE: **Defendants admit the facts requested in this Request to Admit although they qualify their Response by stating that those permitted to participate in the spraying and shooting of Faygo are specifically invited to do so by the band and that Plaintiff was not invited to participate in the spraying and shooting of Faygo.**

12. Admit that at the time the Plaintiff fell, the stage floor was wet from Faygo soda that was being sprayed into the crowd.

RESPONSE: Objection. The Request to Admit is vague and ambiguous. Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they knows or can readily obtain is insufficient to enable them to admit or deny.

13. Admit that soda on the stage floor caused the floor of the stage to become slippery.

7

RESPONSE: Defendants deny the facts requested in this Request to Admit.

14. Admit that prior to falling on stage the Plaintiff was handing bottles of Faygo to an ICP band member.

RESPONSE: Objection. The Request to Admit is vague and ambiguous. Without waiving these objections, and by way of further answer, Defendants cannot admit or deny the information requested in this Request to Admit as they have made reasonable inquiry and the information they knows or can readily obtain is insufficient to enable them to admit or deny.

15. Admit that the Plaintiff was carried off stage after his fall by one of the lead singers of ICP.

RESPONSE: Objection. The Request to Admit is vague and ambiguous. Without waiving these objections, and by way of further answer, Defendant JGL and ICP cannot admit or deny the information requested in this Request to Admit as it has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny. A representative of Defendant PRI denies the facts requested in this Request to Admit.

16. Admit that Plaintiff was not a participant in the concert or the events related to the 11th Annual Gathering.

RESPONSE: Objection. This Request to admit is vague and ambiguous as Plaintiff fails to define "participant" and this Request to Admit seeks a legal conclusion. Without waiving these objections and by way of further answer, Defendants admit the facts requested in this Request to Admit.

17. Admit that the beverages used during the concert in question were obtained directly from Faygo Beverages, Inc.

RESPONSE: **Defendants admit the facts requested in this Request to Admit.**

18. Admit that the "Faygo Armeggedon" part of the show is done at each of the concerts or performances that ICP does around the country.

RESPONSE: **Defendants admit the facts requested in this Request to Admit.**

19. Admit that in almost each and every performance of the ICP, prior to the start of the "Faygo Armeggedon" part of the show, some members of the audience are allowed to come onto the stage.

RESPONSE: **Defendants admit the facts requested in this Request to Admit to the extent that those permitted to participate in the spraying and shooting of Faygo are specifically invited to do so by the band.**

20. Admit that in almost each and every performance of the ICP, prior to the start of the "Faygo Armeggedon" part of the show, some members of the audience routinely come onto the stage.

9

RESPONSE: Objection. This Request to Admit is vague and ambiguous as Plaintiff fails to define "routinely." Without waiving these objections, and by way of further answer, Defendants admit the facts requested in this Request to Admit to the extent that those permitted to participate in the spraying and shooting of Faygo are specifically invited to do so by the band.

Respectfully submitted,

Hertz Schram PC

/s/ Howard Hertz
Howard Hertz (P26653)
Deborah S. Lapin (P59027)
Attorneys for Defendants Psychopathic Records, Inc., Insane Clown Posse, LLC, Juggalo Gathering, LLC, HogRock, Inc. and Tim York d/b/a HogRock Campground
1760 S. Telegraph, Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
hhertz@hertzschram.com
dlapin@hertzschram.com

Dated: November 8, 2012