## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FORD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PSYCHOPATHIC RECORDS, INC., INSANE CLOWN POSSE LLC, JUGGALO GATHERING LLC, FAYGO BEVERAGES, INC., HOGROCK, INC., & TIMOTHY F. YORK, individually & d/b/a Hogrock Campground, | ) ) ) ) ) ) )   Case No. 12–cv–0603–MJR–DGW |
| | ) |
| Defendants. | ) |
| | ) |
| TIMOTHY YORK, individually and d/b/a Hogrock Campground, HOGROCK, INC., & JUGGALO GATHERING LLC, | ) ) ) ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| ATAIN SPECIALTY INS. CO., f/k/a USF Insurance Co., | ) ) ) |
| | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Insane Clown Posse ("ICP") is a music duo from Detroit, Michigan.[1]  In 2000, the group (and others) founded the Gathering of the Juggalos, an annual festival that features a variety hip hop and rock acts—though the majority of the acts perform horrorcore (see FN1 below) and hardcore hip hop.  The Eleventh Annual Gathering of the Juggalos ("the Gathering") was held in Cave Rock, Illinois from August 12 to August 15, 2010.   ICP performed on the final night.

---

[1] According to the Second Amended Complaint, the group "is composed of Joseph Bruce and Joseph Utsler, who perform under the respective personas of the 'wicked clowns' Violent J and Shaggy 2 Dope.  Insane Clown Posse performs a style of hardcore hip hop known as horrorcore and is known for its elaborate live performances," (Doc. 41, 2).

During part of ICP's show known as "Faygo Armageddon," the band allowed members of the audience onstage to throw bottles of Faygo soft drink into the crowd. According to the Second Amended Complaint, Plaintiff James Ford—one of the Faygo-throwing fans—was injured when he fell onto an overturned trampoline with sharp, sheet metal edges.

Alleging negligence and invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff sued ICP, the Gathering (which is a Michigan limited liability company), Faygo Beverages, Timothy York (d/b/a HogRock Campground—where the Gathering was held), HogRock, Inc.("HogRock"), and Psychopathic Records (the Gathering's promoter). The operative pleading is the Second Amended Complaint, filed July 20, 2012. In their Answer (filed March 14, 2013, three weeks after their motion to dismiss was denied), Defendants ICP, the Gathering, York, HogRock, and Psychopathic Records enumerated eleven affirmative defenses.

 On August 8, 2012 (about three weeks after Plaintiff filed the Second Amended Complaint), Juggalo Gathering, York, and HogRock, Inc. filed a third-party complaint for a declaratory judgment against the Gathering's insurance carrier, Atain Specialty Insurance Co. ("Atain," which at the time the Gathering policy was signed, was known as USF Insurance Co.). In addition to a claim for a declaratory judgment (that any injury to Plaintiff Ford is covered under their policy with Atain), Third-Party Plaintiffs allege breach of contract, negligence, unjust enrichment, and bad faith. But the Third-Party Complaint here was filed over a month after Atain filed for declaratory judgment in the Circuit Court of the Second Judicial Circuit in Franklin County, Illinois. Atain's state action seeks a declaration that it owes no coverage to the Gathering, York, or HogRock. The state case has been stayed since December 2012.

Now before the Court are two motions. Third-Party Defendant Atain has moved to dismiss the Third Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has moved, via Rule 12(f), to strike the eleven affirmative defenses in Defendants' Answer. For the

2

reasons explained below, Atain's Motion to Dismiss (**Doc. 63**) is **DENIED as MOOT**, and Plaintiff's Motion to Strike (**Doc. 82**) is **GRANTED IN PART and DENIED IN PART**.

### ATAIN'S MOTION TO DISMISS

Third-Party Defendant Atain moves to dismiss the Third-Party Complaint (Doc. 49) pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows a party to challenge the sufficiency of a complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Atain's argument is fourfold: (1) the third-party action against it is a "direct action" against an insurer, and therefore barred by Illinois law; (2) a previously-filed Illinois state court action somehow precludes the case; (3) Count III of the Third-Party Complaint—that Atain negligently failed "to provide adequate insurance coverage" based on the "circumstances of the Gathering and the performances held therein"—does not state a claim because Atain had no duty to provide coverage advice; and (4) bad faith is not a separate action under Illinois law.

#### 1. Pendency of Illinois State Court Case

Of greatest concern are the parties' arguments about whether the pendency of Atain's July 2012 state court case—filed over a month before the instant third-party action—means the third-party claims should not proceed in this Court. Atain, relying on *Schwartz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829 (N.D. Ill. 2004), presses the notion that "the case should proceed in the forum where the action was filed first" (Doc. 64, 5). Third-Party Plaintiffs counter that there is no rigid "first-to-file" rule in the Seventh Circuit, and that Atain's "suspicious actions" amount to forum shopping (Doc. 71, 11).

An insurance company filing a declaratory action in any court hardly amounts to "suspicious" behavior. More troublesome is that the parties' arguments (and the *Schwarz* case) invoke cases about which *federal* forum is proper under 28 U.S.C. § 1404(a) (the venue transfer

statute) and 28 U.S.C. §§ 2201–2202 (the Declaratory Judgment Act).  When one action is filed in federal court and another in state court, concerns of comity and federalism are necessarily implicated.  *Tempco Elec. Heater Corp. v. Omega Eng'g*, **819 F.2d 746, 748–49 (7th Cir. 1987) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).**  The parties' arguments ignore those important concerns.

The issue here is not whether to transfer this case to another district court, but whether this Court should abstain from exercising its jurisdiction over the third-party complaint. Because abstention doctrines "involve a common complex of considerations about the role of federal courts vis-à-vis state institutions," the Seventh Circuit has indicated that a district court may address an abstention doctrine *sua sponte*.  *Barichello v. McDonald*, **98 F.3d 948, 955 (7th Cir. 1996) (citing *Waldron v. McAtee*, 723 F.2d 1348 (7th Cir. 1983) (*Pullman* abstention); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir. 1991) (*Burford* abstention)).**  The Court, on its own motion, must consider whether abstention is appropriate.

### 2. *Wilton / Brillhart* Abstention

District courts, under what is known as the *Wilton / Brillhart* abstention doctrine, possess significant discretion to dismiss (or stay) claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims.  *Envision Healthcare, Inc. v. Preferredone Ins. Co.*, **604 F.3d 983, 986 (7th Cir. 2010)**.  The discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, which provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration."  *Id.* **(citing 28 U.S.C. § 2201(a) (emphasis in original)).**  In *Brillhart*, the Supreme Court held that district courts may stay or dismiss an action seeking a declaratory judgment in favor of the ongoing state court case.  *Envision Healthcare*, **604 F.3d at 986 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942); and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).**  The "classic" example of when

*Wilton / Brillhart* abstention is proper is where parallel state proceedings are ongoing and solely declaratory relief is sought.  **Envision Healthcare, 604 F.3d at 986 (citing *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)).**

But the instant third-party action does not solely involve declaratory relief.  Third-Party Plaintiffs also include breach of contract, negligence, unjust enrichment and bad faith counts.  Where the federal suit contains claims for both declaratory and non-declaratory relief, the court should first determine whether the non-declaratory claims are independent of the declaratory claim.  **R.R. Street, 569 F.3d at 716.**  If the non-declaratory claims are independent, the *Wilton / Brillhart* doctrine does not apply.  *Id.*  A claim is "independent" if it has its own federal subject-matter-jurisdictional basis, and its viability is not wholly dependent upon the success of the declaratory claim.  *Id.* **at 717 n.6.**

There is no independent basis for this Court's jurisdiction over the Third Party Complaint.  The Declaratory Judgment Act is not a separate source of subject matter jurisdiction, **Ameritech Ben. Plan Comm. V. Commc'n Workers of Am., 220 F.3d 814, 818 (7th Cir. 2000)**, and complete diversity among the parties does not exist here.  Atain, the third-party defendant, is a Michigan corporation.[2]  And some third-party plaintiffs—Timothy York and HogRock, Inc.—are Illinois citizens.  But Juggalo Gathering LLC is a Michigan limited liability company (Doc. 49), whose owners are undisputedly citizens of the state of Michigan (Doc. 41 ¶ 5; Doc. 79 ¶ 5).  And if even one LLC investor has the same citizenship as any party on the other side of the litigation, complete diversity is missing.  **White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011).**  Because there is not complete diversity in the third-party action, § 1332 jurisdiction

---

[2] While § 1332 does bestow an insured's citizenship upon an insurance company in "direct actions," the Third-Party Complaint—insured parties versus their insurer—does not qualify as a § 1332 direct action, which is a case "in which a person with a claim against the insured sues the insurer directly."  **Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 317 (7th Cir. 1998).**

does not exist, and the non-declaratory claims are not "independent."  The *Wilton / Brillhart* analysis is applicable.  *See R.R. Street*, 569 F.3d at 717.

Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided.  *Brillhart*, 316 U.S. at 495.  *Wilton* holds the Declaratory Judgment Act confers discretion on district courts to decline to hear cases.[3]  *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010).  Whether there is a parallel proceeding in state court is one factor to consider, but the question is broader than that.  *Id.* at 379.  *See also Nationwide Ins. v. Zavilas*, 52 F.3d 689, 692 (7th Cir. 1995) **("[T]he mere pendency of another suit is not enough in itself to refuse a declaration.").**  There is no set criterion or "comprehensive enumeration" to guide when a court should exercise its discretion to abstain.  *Brillhart*, 316 U.S. at 495.  Instead, courts in this Circuit consider the following, non-exclusive factors:

> [W]hether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking declaratory judgment in another forum or at another time.

*Med. Assur. Co.*, 610 F.3d at 379 (citing *Nationwide Ins. V. Zavalis*, 52 F.3d 689, 695 (7th Cir. 1995)).  That the insured, rather than the insurer, seeks the declaratory judgment in federal court is immaterial: "the issues are the same and the interest of the insured is as great as that of the insurer."  *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 590 (7th Cir. 1970).  Nor does it matter that the parties (as here) are litigating a third-party suit rather than the original action.  *Envision Healthcare*, 604 F.3d at 987.

Here, the Court exercises its discretion under the Declaratory Judgment Act and *Wilton / Brillhart*, and declines to exercise its jurisdiction over the Third-Party Complaint against

---

[3] Judge Wood, writing for the Seventh Circuit, has clarified that "abstention" is not an entirely accurate term to describe the *Wilton / Brillhart* doctrine, since abstention "normally refers to judicially-created doctrines," and discretion under *Wilton / Brillhart* stems from the Declaratory Judgment Act.  *Med. Assur. Co.*, 610 F.3d 371, 378 (7th Cir. 2010).

Atain.  First, the Third-Party Complaint does not present any questions that are distinct from the issues raised in the state court proceedings.  *See Ironshore Indemnity, Inc. v. Synergy Law Grp. LLC*, **No. 12 CV 800, 2013 WL 673374, at \*6 (N.D. Ill. Feb. 25, 2013) (even though a third-party complaint took the form of breach of contract and bad faith, asking the court to resolve the rights and obligations of the parties under insurance policies presented "precisely the same legal issue.").**  Determining the contours of Atain's obligations and duties to its insured (the third-party plaintiffs here) would require both courts to examine the same evidence and (state law) legal principles as in the state court proceedings.  Thus, the issues in the instant Third-Party Complaint and in the state court action are not "distinct."  *Med. Assur. Co.*, **610 F.3d at 379.  *Compare Zavilas*, 52 F.3d at 693 (legal issues had to be resolved on "*differing* factual records," a fact that had "a significant bearing on the exercise of the court's declaratory power" and weighed against abstaining) (emphasis added).**

Further, the overlap between the instant third-party action and the state case means that engaging in discovery in both cases would amount to piecemeal and duplicative litigation (and the possibility of inconsistent results)—a conclusion that both militates toward abstention and undermines any notion that the instant Third-Party Complaint will serve "a useful purpose" in clarifying the legal obligations and relationships among the parties.  *Zavilas*, **52 F.3d at 695**.  As to judicial economy, the Court notes that discovery in the third-party action here will have little shared issues with discovery and the negligence analysis on the underlying suit, which revolves around overturned trampolines, beverage-tossing, and a horrorcore rap concert—not an insurance policy.

Finally, both cases involve substantially the same parties: each party to the Third-Party Complaint is also party to the state court case.  The mere presence of James Ford, the Plaintiff here, as a defendant in the state action does not alter Third-Party Plaintiffs' ability to assert their rights in state court.  Atain is not seeking relief against him, and only included him in the state court

case because (it asserts) he would be bound by any judgment in that case.  (Doc. 64-1 ¶ 7).  In other words, "comparable relief is available" to all the parties in the state forum.  *Zavilas*, 52 F.3d at 695.  *See also Envision Healthcare*, 604 F.3d at 986 (citing *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996) (crucial question was "whether the [state] case is parallel to the federal case," i.e. "when substantially the same parties are contemporaneously litigating substantially the same issues in two fora.").

In short, after examining the Third-Party Complaint here and the parallel declaratory action in Illinois state court, and in light of the Seventh Circuit's guidance on the *Wilton / Brillhart* doctrine, the undersigned district judge concludes that abstention is warranted.  The Third-Party Complaint against Atain Specialty Insurance Company (**Doc. 49**) is **DISMISSED without prejudice**.  *See Envision Healthcare*, 604 F.3d at 987 (affirming district court's dismissal, rather than stay, under *Wilton / Brillhart* where state suit involved same parties and same legal question as the federal suit).  Accordingly, Atain's Motion to Dismiss (**Doc. 63**) is **DENIED as MOOT**.

### PLAINTIFF'S MOTION TO STRIKE

Defendants Psychopathic Records, ICP, the Gathering, York, and Hogrock filed their collective Answer on March 14.  Defendants enumerated the following eleven defenses, which Plaintiff now moves to strike:

> First Defense: To the extent that Plaintiff was more than 50% at fault for his injuries, Defendants shall not be found liable.  *See* 735 ILCS 5/2-1107.1.

> Second Defense: Even if Plaintiff's claims are not entirely barred, any amounts claimed by Plaintiff as compensatory damages must be diminished by his own comparative fault.  *See* 735 ILCS 5/2-1116.

> Third Defense: To the extent Plaintiff suffered any damages, he is barred from recovery by his own failure and refusal to mitigate his damages.

<u>Fourth Defense</u>: Any and all damages sustained by Plaintiff are not the result of any act or omission by Defendants . . . but instead are the result of acts or omissions by other Defendants or third parties.

<u>Fifth Defense</u>: Plaintiff's conduct indicates that he implicitly consented to encounter an inherent and known risk, thereby excusing Defendants from any legal duty.

<u>Sixth Defense</u>: Plaintiff's conduct indicates that he was a trespasser to whom no legal duty was owed.

<u>Seventh Defense</u>: Defendants owed no legal duty to Plaintiff.

<u>Eighth Defense</u>: Plaintiff's claims are barred by contract.

<u>Ninth Defense</u>: Plaintiff's claims are barred by release.

<u>Tenth Defense</u>: Plaintiff has failed to state a claim upon which relief can be granted.

<u>Eleventh Defense</u>: Plaintiff's claims are barred by laches.

Plaintiff makes specific challenges to Defendants' Fourth Defense, Seventh Defense, and Tenth Defense, reasoning that none of the three are truly affirmative defenses. Plaintiff further contends each of the eleven affirmative defenses enumerated by Defendants "consists of a bare legal conclusion."

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **FED. R. CIV. P. 12(f);** *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, **554 F.3d 1133, 1141 (7th Cir. 2009).** Rule 12(f) permits a court to strike defenses that are insufficient on the face of the pleadings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, **883 F.2d 1286, 1294 (7th Cir. 1989).** In its answer, a party must affirmatively state any avoidance or affirmative defense. **FED. R. CIV. P. 8(c).** And under federal notice pleading standards, a defense must be set out "in short and plain terms." **FED. R. CIV. P. 8(b)(1)(A).** Bare legal conclusions are insufficient, *see Heller,* **883 F.2d at 1294,**

but affirmative defenses can be inferred from the pleadings, *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975).

District Courts are split (and appellate courts have not weighed in) as to whether the "plausibility" standard articulated by the Supreme Court in *Twombly* and *Iqbal* applies to the pleading of affirmative defenses. *Compare Champion Steel Corp. v. Midwest Strapping Prods., Inc.*, No. 10 C 50303, 2011 WL 5983297, at *2 n.2 (N.D. Ill. Nov. 28, 2011), *with J&J Sports Prods., Inc. v. Munoz*, No. 1:10–CV–1563, 2011 WL 2881285, at *1 (S.D. Ind. July 15, 2011), *and Leon v. Jacobson Transp. Co., Inc.*, No. 10 C 4939, 2010 WL 4810600, *1 (N.D. Ill. Nov. 19, 2010). The undersigned sides with courts that decline to apply *Twombly* and *Iqbal* to affirmative defenses. In *Leon v. Jacobson Transportation Co.*, the court reasoned that the purpose of "*Twombly* and *Iqbal* was to make it more difficult to use a bare-bones *complaint* to open the gates of expensive discovery and force an extortionate settlement," and (because they can easily be ignored) the likelihood of a defendant filing nuisance defenses is unlikely. *Leon*, 2010 WL 4810600, at *1 (emphasis added). And as another judge in this circuit acknowledged, extra scrutiny of affirmative defenses is often wasteful:

> In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary. Applying *Iqbal* and *Twombly* to affirmative defenses would force defendants to plead fewer affirmative defenses and then, after taking discovery, to move the Court for permission to amend their answers and affirmative defenses. Plaintiffs would often resist those motions on the grounds that the proposed affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties.

*Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11–CV–95–PRC, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) (citing *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1052 (D. Minn. 2010). As the undersigned has previously noted, motions to strike often do not serve to refine issues and aid in a more expeditious resolution of a case, but serve instead to generate another

round of briefing to be addressed before dispositive motions can be reached. *Hall v. United of Omaha Life Ins. Co.*, 10–cv–0012–MJR, 2011 WL 1256836, at *1 (S.D. Ill. Apr. 4, 2011).

Motions to strike may be granted where they serve to remove defenses that only add "unnecessary clutter" to a case, but they are generally disfavored because of their potential to cause delay. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike will not be granted unless it appears "to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). District courts in this circuit do not generally grant a Rule 12(f) motion unless the targeted language is clearly prejudicial to the movant. *Olayan v. Holder*, 833 F. Supp. 2d 1052, 1058 (S.D. Ind. 2011); *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009); *YTB Travel Network of Ill., Inc. v. McGlaughlin*, No. 09–cv–JPG, 2010 WL 850154, at *2 (S.D. Ill. March 5, 2010).

The Court will **GRANT** Plaintiff's motion **IN PART**, and **STRIKE** Defendants' Fourth, Seventh, and Tenth Affirmative Defenses, since they are not affirmative defenses at all. The Seventh Circuit has identified two ways to determine whether a defense not specifically enumerated in Rule 8(c) is an affirmative defense: (a) if the defendant bears the burden of proof under state law, or (b) if it does not controvert the plaintiff's proof. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012). The Fourth Defense—that acts or omissions by other Defendants or third parties caused Plaintiff's injuries—will necessarily controvert Plaintiff's proof. The Seventh Defense—"Defendants owed no legal duty to Plaintiff"—is an issue where Plaintiff has the burden of proof. *Bezanis v. Fox Waterway Agency*, 967 N.E.2d 393,  967 N.E.2d 393, 398 (Ill. App. Ct. 2012). And similarly, failure to state a claim is not technically an affirmative defense. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) **("Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state**

a claim *even though there is a defense to that claim*.") **(emphasis added).**  The Court also notes whether Plaintiff stated a claim is an issue already decided via a 12(b)(6) motion—the proper way to test the sufficiency of a complaint.  The Fourth, Seventh, and Tenth Defenses will be stricken from Defendants' Answer.

As to Plaintiff's broader attempt to strike the pleadings, Plaintiff's motion is **DENIED IN PART** because the Court declines to apply the *Iqbal / Twombly* plausibility standard to affirmative defenses.  Though Plaintiff points out that the affirmative defenses are not accompanied by a bevy of detailed facts, that is not the standard.  Plaintiff can infer from the pleadings the defenses that will be asserted on summary judgment and at trial.  *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) **("One objective of Rule 8 is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense.").**  Further, Plaintiff does not argue how it could possibly be prejudiced by the existence of the affirmative defenses in Defendants' Answer.  It could simply "ignore them" with no consequence to its case.  *Cottle*, 2012 WL 266968 at *3.

Accordingly, Plaintiff's Motion to Strike (**Doc. 82**) is **GRANTED IN PART and DENIED IN PART.**

### CONCLUSION

For the foregoing reasons, the Third-Party Complaint against Atain Specialty Insurance Company (**Doc. 49**) is **DISMISSED without prejudice** under the *Wilton / Brillhart* doctrine, and Atain's Motion to Dismiss (**Doc. 63**) is **DENIED as MOOT**.  Plaintiff's Motion to Strike (**Doc. 82**) is **GRANTED IN PART and DENIED IN PART.**  The Court **STRIKES** the Fourth, Seventh, and Tenth Defenses in Defendants' Answer to the Second Amended Complaint.

**IT IS SO ORDERED.**
**DATE: July 3, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge

12